UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80502-CIV-MARRA/JOHNSON

NORBERT KOZMA,
on his own behalf and on behalf
of all others similarly situated,

    Plaintiff,
vs.

HUNTER SCOTT FINANCIAL, L.L.C.,
a Florida Limited Liability Company,
and PETER GOUZOS, an individual,

    Defendants.
_____/

**ORDER AND OPINION COMPELLING
ARBITRATION AND DISMISSING CASE**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss and/or Stay the Action and Compel Arbitration [DE 7]. The motion is fully briefed and ripe for review. The Court has carefully considered the filings and is otherwise fully advised in the premises.

Background and Introduction

Plaintiff, Norbert Kozma ("Plaintiff" or "Kozma"), was, at all times relevant to this matter, a Registered Representative with the Financial Industry Regulatory Authority ("FINRA"). Kozma was employed by Hunter Scott Financial, L.L.C. ("Hunter Scott") and Peter Gouzos ("Gouzos") (collectively "Defendants") as an independent contractor securities broker from on or about May 12, 2004 through on or about October 1, 2007.

On or about June 13, 2004, Kozma executed a Registered Representative Agreement with Hunter Scott.  Hughes Decl. Ex. A.  The Agreement includes, in relevant part, an Arbitration Clause that states that "[a]ny controversy or claim arising out of or relating to this Agreement shall be settled by NASD arbitration in Boca Raton, Florida in accordance with the rules of the NASD[.]"  *Id.*  In addition to Plaintiff's contractual agreement with Hunter Scott, Plaintiff also executed a Uniform Application for Securities Industry Registration or Transfer ("U-4") in connection with his registration with FINRA, in which he similarly agreed to arbitrate all claims in accord with the FINRA rules.  The U-4 agreement that Plaintiff signed contains the following clause:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the [NASD] as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

Hughes Decl. Ex. B.  Plaintiff does not dispute that he signed these contracts.

Plaintiff initiated this collective action to recover unpaid overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Plaintiff alleges he is due overtime compensation pursuant to the FLSA for not receiving time and one-half for each hour worked in excess of forty in any one work week.  Plaintiff then filed an Amended Complaint, adding class action claims pursuant to the Florida Minimum Wage Act, Article 10, § 24 of the Florida Constitution

("Florida Minimum Wage Act" or "FMWA") for unpaid minimum wages.  With the amendment, Plaintiff seeks to bring a Florida state-wide class action on behalf of all current and former securities brokers within the state of Florida, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who are or were employed by Defendants, to recover minimum wages for every hour worked.  Thus, Plaintiff brings this action on behalf of two classes: (1) a collective class regarding the FLSA overtime claims; and (2) a Rule 23 class regarding the FMWA minimum wage claims.

Defendants state that Plaintiff only amended his complaint after they reminded Plaintiff of his obligation to submit his FLSA claims to arbitration.  Defendants assert that Plaintiff added the Rule 23 class action claims in a transparent attempt to avoid arbitration and do an end-around the FLSA's policy of requiring opt-in collective actions, as opposed to opt-out class actions.  Defendants ask the Court to sever and dismiss Plaintiff's Florida Rule 23 claim and compel arbitration.

<u>Analysis</u>

There is a strong federal policy supporting arbitration agreements.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  One of the purposes of the Federal Arbitration Act is to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985).  Arbitration agreements must be "rigorously enforce[d]" by the courts. *Id*. at 221.

As a result of the well-established federal policy favoring arbitration, the burden is on the party opposing arbitration to prove to the court that arbitration is improper. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26-27 (1991) (U-4 registration agreement provided for mandatory arbitration of all employment related disputes). Although § 3 of the Federal Arbitration Act provides for a stay of any lawsuit until arbitration has been completed, this rule "was not intended to limit dismissal of a case in the proper circumstances." *Alford v. Dean Witter Reynolds Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). In *Alford,* the court upheld the dismissal of an action with prejudice, reasoning that retaining jurisdiction by staying the action would serve no purpose because any post-arbitration remedies sought by the parties would be limited, and would not involve a merits adjudication of the controversy:

> Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law. See 9 U.S.C. §§ 9-12.

*Alford*, 975 F.2d 1164 (quoting *Sea-Land Serv., Inc. v. Sea-Land of P.R. Inc.*, 636 F.Supp. 750, 757 (D.P.R. 1986)).

"The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Id.* (emphasis in original). The United States Court of Appeals for the Eleventh Circuit has not directly

addressed this issue, but has frequently affirmed where the district court compelled arbitration and dismissed the underlying case. *See, e.g., Samadi v. MBNA Am. Bank, N.A.*, 178 Fed. Appx. 863 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 494 (2006); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005); *Jackson v. Cintas Corp.*, 425 F.3d 1313 (11th Cir. 2005).  Therefore, it appears that the Eleventh Circuit would permit the dismissal of an action where it would serve no purpose for the court to retain jurisdiction.  *See also, Dale v. Comcast Corp.*, 453 F. Supp. 2d 1367, 1378 (N.D. Ga. 2006); *Gilchrist v. Citifinancial Servs., Inc.*, No. 06cv1727-Orl-31KRS, 2007 WL 177821,*4 (M.D. Fla. Jan. 19, 2007); *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir. 1999) ("If all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate").

Kozma agreed in both the Registered Representative Agreement he signed with Hunter Scott, and in the U-4 Application, to submit all disputes arising from his affiliation with Hunter Scott to FINRA arbitration.  Kozma does not argue that he did not sign these agreements or that they are invalid in any way.  Instead, Kozma simply argues that the class action he has brought alleging violations of Florida's Minimum Wage Act cannot be arbitrated pursuant to FINRA Rule 13204.

Indeed, FINRA Rule 13204 states that "class action claims may not be arbitrated under the Code."  Based on this language, Courts have recognized a distinction between a *collective* action and a Rule 23 *class* action.  In short, pursuant to FINRA Rule 13204, the Court cannot compel Plaintiff's minimum wage *class* action

claims to arbitration.  FINRA Rule 13204, however, does not prohibit this Court from compelling the *collective* FLSA action to arbitration.  *See, e.g., Szilassy v Ameriprise Financial Svcs, Inc.*, Case No. 07-80559-Civ-Middlebrooks, 2007 U.S. Dist. Lexis 97110, *5-6 (S.D. Fla. Aug. 1, 2007) ("I do not read the NASD prohibition on the arbitration of class actions to include collective actions brought pursuant to section 16(b) of the FLSA.  An FLSA collective action does not require all similarly situated persons to be bound by a judgment, in contrast to a Rule 23 action.") *See also, Chapman v. Lehman Bros. Inc.*, 279 F. Supp. 2d 1286 (S.D. Fla. 2003) citing *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) (clarifying distinctions between § 216(b) collective actions and Rule 23 class actions); *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248-49 (11th Cir. 2003) ("a § 216(b) plaintiff ... presents only a claim on the merits ... [and], [i]n contrast to the Rule 23 plaintiff, a § 216(b) plaintiff has no claim that he is entitled to represent other plaintiffs").

     Given the strong federal policy favoring the enforcement of arbitration agreements as written, FINRA Rule 13204 does not prohibit this Court from compelling arbitration of Plaintiff's *collective* FLSA claims.  Finding otherwise would allow Plaintiff to avoid the clear and unambiguous terms of the contracts he signed simply by styling his FLSA complaint as a *collective* action.  This is in direct contravention of the Supreme Court's directive to rigorously enforce agreements to arbitrate.

     Because the federal claim against Defendants is being sent to arbitration, Kozma's remaining state law claims will be dismissed.  This Court derives its authority

to decide Kozma's federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction ...." *Id.* 28 U.S.C. § 1367(c)(3).  Moreover, § 1367(c)(4) provides that the Court may decline to exercise supplemental jurisdiction over a state claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c)(4).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists.  *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000); *see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the ... defendants, the district court correctly dismissed its remaining state law claims against these defendants"); *Rice v. Branigar Org., Inc.*, 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claim serving as the basis for original federal court jurisdiction must be arbitrated in the appropriate FINRA forum, the Court also concludes that Kozma's state law claims should be dismissed without prejudice.  Kozma may, if he chooses, pursue them in state court.  Even if the Court had stayed the FLSA claim,  it still would have dismissed the FMWA claim pursuant to 28 U.S.C. § 1367(c)(4) because the merits of the federal claim will be adjudicated in arbitration and there is no reason to maintain jurisdiction to adjudicate a related claim based solely on state law over which this Court would not otherwise have subject matter jurisdiction.  Therefore, in accordance with the conclusions reached above, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss and/or Stay the Action and Compel Arbitration [DE 7] is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent that Plaintiff is directed to bring his FLSA claims in the appropriate FINRA forum in accordance with the terms of the arbitration agreements.  Plaintiff's FMWA claims are based upon state law over which this Court has no independent subject matter jurisdiction.  Therefore, Plaintiff's FMWA claims are dismissed without prejudice to pursue those claims in state court.  This case is

CLOSED.  Any pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of February, 2010.

                                                  KENNETH A. MARRA
                                                  United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson